Case 5:11-cv-00164-BSM   Document 165   Filed 06/04/15   Page 1 of 4
Case 5:11-cv-00164-BSM-JJV   Document 162-1   Filed 05/14/15   Page 3 of 6
Case 5:11-cv-00164-BSM-JJV   Document 162   Filed 05/14/15   Page 3 of 5

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | |
|---|---|
| GREGORY HOLT<br>A.K.A ABDUL MAALIK MUHAMMAD,<br>    Plaintiff<br><br>vs.<br><br>WENDY KELLEY<br>(substituted for RAY HOBBS),<br>    Defendant | No. 5:11-cv-00164-BSM |

PERMANENT INJUNCTION

This case having returned to this Court pursuant to the judgment of the Supreme Court of the United States, and on the joint motion of the parties, the Court now issues the following permanent injunction with the following statement of reasons:

1. Plaintiff has a federal right to wear a beard of up to one-half inch in length. This right is created by the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000bb *et seq.*, as interpreted in *Holt v. Hobbs*, 135 S. Ct. 853 (2015).

2. Violation of this right would inflict irreparable injury on plaintiff, because the violation would inflict religious harms that are not adequately compensable in money and because 42 U.S.C. § 1997e(e) would preclude any award of damages in the absence of physical injury.

3. In response to the Supreme Court's decision in this case, defendant has adopted a new grooming policy, Administrative Directive 15-04, that allows

Case 5:11-cv-00164-BSM   Document 165   Filed 06/04/15   Page 2 of 4
Case 5:11-cv-00164-BSM-JJV   Document 162-1   Filed 05/14/15   Page 4 of 6
Case 5:11-cv-00164-BSM-JJV   Document 162   Filed 05/14/15   Page 4 of 5

religiously motivated prisoners to request "accommodations" that can allow beards without length limits. Plaintiff has received an accommodation under this new policy.

4. In the absence of an injunction, defendants remain free to return to their former policy at any time. There is no possibility of liability for damages to deter such a change in policy.

5. An injunction ordering defendant to allow plaintiff to wear a half-inch beard is narrowly drawn, extends no further than necessary to correct the precise federal right adjudicated in the Supreme Court, and is the least intrusive means necessary to correct the violation of that federal right. This injunction fully complies with 18 U.S.C. § 3626 and with Federal Rule of Civil Procedure 65.

Therefore, it is ORDERED, ADJUDGED, and DECREED that:

1. Wendy Kelley, in her official capacity as Director of the Arkansas Department of Correction, is substituted for Ray Hobbs as the defendant in this case.

2. Defendant is hereby ordered to allow plaintiff, Gregory Holt, also known as Abdul Maalik Muhammad, to wear a beard of up to one-half inch in length.

3. This injunction is binding on defendant Wendy Kelley, in her official capacity as Director of the Arkansas Department of Correction, and on her officers, agents, servants, employees, and attorneys, and any person in active concert or participation with any of them.

4. This injunction is without prejudice to any rights that Mr. Holt may have from time to time under Administrative Directive 15-04 or any other rule, regulation,

Case 5:11-cv-00164-BSM   Document 165   Filed 06/04/15   Page 3 of 4
Case 5:11-cv-00164-BSM-JJV   Document 162-1   Filed 05/14/15   Page 5 of 6
Case 5:11-cv-00164-BSM-JJV   Document 162   Filed 05/14/15   Page 5 of 5

policy, or administrative directive of the Arkansas Department of Correction or any of its units.

5. If, at some future date, the defendant comes to believe that plaintiff has abused his right to wear a half-inch beard or that circumstances have materially changed such that the accommodation should be withdrawn, it may apply to the Court for a modification of or reprieve from the injunction. Defendant will notify plaintiff and his present counsel, Douglas Laycock and Patrick Benca, of any such motion.

IT IS SO ORDERED THIS 4th day of June 2015.

_____
Brian S. Miller
United States District Judge

## CERTIFICATE OF SERVICE

I, Patrick J. Benca, and I, Douglas Laycock, certify that the foregoing was filed via Pacer on all parties on May 14, 2015.

/s/Douglas Laycock
Douglas Laycock

/s/Patrick J. Benca
Patrick J. Benca